# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TELENA MOSER, Personal Representative of the ESTATE OF TERRY L. BERRY, JR., Deceased,** | **8:18CV551** |
| **Plaintiff,** | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| **JOANN HELTON, ATHENA G BROWN, TODD R HAUSSLER, DUSTIN H GUSTAFSON, in their individual capacities; and JOHN/JANE DOES 1-2, employees of Tecumseh State Correctional Institution, in their individual capacities;** | |
| **Defendants.** | |

Upon review of the parties' Joint Motion (Filing No. 65) and proposed Stipulated Protective Order emailed to the undersigned magistrate judge's chambers,

**IT IS ORDERED** that the Joint Motion for Entry of Stipulated Protective Order (Filing No. 65) is granted, and the parties' stipulated protective order is entered below:

### Protective Order for Nebraska Department of Correctional Services Documents

Pursuant to Fed. R. Civ. P. 26(c) and Neb. Rev. Stat. § 83-178, the Court finds good cause for entry of a Protective Order to preserve the confidentiality of certain documents and records of the Nebraska Department of Correctional Services—a non-party to this action. Entry of the protective order does not waive any objections any party or non-party may have to production of specific documents. The protective order is to preserve the confidentiality of the documents that are produced. As such, the issuance of a qualified protective order is hereby entered and ordered as follows:

1. The parties and their attorneys, subject to normal rules of discovery, are hereby authorized

to receive and transmit documents created by and in the possession of the Nebraska Department of Correctional Services ("NDCS") pursuant to this protection order.

2. The term "document/s" includes, but is not limited to the following:

   a. Administrative regulations or policies deemed "confidential" or "for official distribution only;"
   b. Internal investigation reports and associated documents;
   c. Central Monitoring documents;
   d. Incident reports and misconduct reports;
   e. Custody classification documents;
   f. Longer-Term Restrictive Housing documents;
   g. Prison Rape Elimination Act evaluations/screenings;
   h. Living location/movement information for inmates;
   i. Written communications of inmates to NDCS staff or administration;
   j. Blueprints, maps, photographs, and logs of NDCS facilities;
   k. Documents containing information that identifies an inmate by name, NDCS identification number, or any other identifying information;
   l. Contact notes between NDCS staff and inmates;
   m. Internal population and demographic data.

### Protective Order for Terry Berry's Institutional File

3. While the confidentiality of an inmate's "Institutional File" is protected under Neb. Rev. Stat. § 83-178, the Court, pursuant to Fed. R. Civ. P. 26(c) and Neb. Rev. Stat. § 83-178, finds good cause for release of records contained within Terry Berry's Institutional File to the attorneys for the reason that the Plaintiff, in this case, is the Personal Representative of

the Estate of Terry Berry, deceased. As such, Plaintiff's attorneys are authorized to receive Berry's Institutional File, subject to this protective order and pursuant to normal rules of discovery.

## Findings of the Court

4. Subject to the normal rules and scope of discovery, the parties and their attorneys shall be permitted and have access to and use of the categories of documents referred to in paragraphs 1-3 for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, deponents, witnesses, and other entities or persons involved in the litigation process in this case.

5. Prior to disclosing to the above persons involved in this litigation, counsel shall inform each such person that these records and documents may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving these records do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of the documents and information received from counsel, shall return the records and documents to Defendants' counsel, NDCS counsel, or destroy any and all copies of said documents, except that counsel is not required to secure the return or destruction of such documents submitted to the court.

7. This order does not control or limit the use of records or documents pertaining to Plaintiff that come into the possession of the parties or their attorneys from a source other than the

Department.

8. Nothing in this Order authorizes counsel for the parties to obtain medical records or other information sought through means other than formal discovery requests, subpoenas, depositions, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under restricted access or under seal if and when the parties seek to file the protected records and documents under those conditions.

10. This order is to remain in force until modified by the Court for good cause shown.

11. Parties stipulate that this agreement may be presented to the Court for enforcement thereof.

12. Parties stipulate that the Court may enter a Protective Order consistent with the terms of this stipulation.

Dated this 14th day of July, 2020.

BY THE COURT:

*s/ Michael D. Nelson*
Michael D. Nelson
United States Magistrate Judge